IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

UNITED STATES OF AMERICA

vs.  Case Nos.: 1:99cr69/MP/GRJ
 1:13cv192/MP/GRJ

JEAN DENIS LOUISSAINT
_____/

# REPORT AND RECOMMENDATION

This matter is before the court upon Defendant's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 and supporting memorandum of law. (doc. 304.) Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts provides in part that "[i]f it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party." After a review of the record, the Court determines that the Court is without jurisdiction to entertain Defendant's motion and, therefore, the petition should be dismissed summarily.

## BACKGROUND and ANALYSIS

Defendant was sentenced on August 16, 2001 to a term of 292 months imprisonment after a jury convicted him of four controlled substance offenses. (docs. 100, 154, 155.) He did not file a timely appeal. In 2004 he filed a motion for leave to

file an appeal, which the court denied without prejudice. (docs. 201, 212.) Defendant then filed a motion to vacate under 28 U.S.C. § 2255 alleging that counsel was constitutionally ineffective because, among other reasons, he failed to file an appeal. (doc. 213.) The court denied the motion as untimely in March of 2005 (docs. 220, 235) and also denied Defendant's renewed motion to file an appeal out of time. (docs. 215, 218.) Defendant has now filed another motion to vacate again contending that counsel was ineffective because he failed to file an appeal. (doc. 304 at 4.) Defendant also maintains that his motion "is timely file [sic] or relate [sic] back to previous 2255 or (docket no. 210)." (doc. 304 at 12.).

This court does not have jurisdiction to consider Defendant's motion. Before a second or successive application for § 2255 relief is filed in the district court, the litigant must move in the appropriate court of appeals for an order authorizing the district court to consider the application. 28 U.S.C. § 2244(b)(3) and § 2255(h); Felker v. Turpin, 518 U.S. 651 (1996); United States v. Holt, 417 F.3d 1172, 1175 (11th Cir. 2005); Carter v. United States, 405 Fed. App'x 409 (11th Cir. 2010). Defendant has not obtained authorization from the Eleventh Circuit Court of Appeals to file a successive motion and, therefore, the instant motion to vacate must be dismissed.[1]

## CERTIFICATE OF APPEALABILITY

Rule 11(a) of the Rules Governing Section 2255 Proceedings for the United States District Court ("§ 2255 Rules") provides that "[t]he district court must issue or

---

[1] Even if the court accepted Defendant's assertion that the instant motion relates back to his initial motion to vacate, he would not be entitled to relief because his initial motion, filed three years after his sentencing, was denied as untimely. (docs. 213, 220, 235.)

deny a certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." A timely notice of appeal must still be filed, even if the court issues a certificate of appealability. Rule 11(b), § 2255 Rules.

After review of the record, the court finds no substantial showing of the denial of a constitutional right. § 2253(c)(2); Slack v. McDaniel, 529 U.S. 473, 483–84 (2000) (explaining how to satisfy this showing) (citation omitted). Therefore, it is also recommended that the court deny a certificate of appealability in its final order.

The second sentence of Rule 11(a) provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." If there is an objection to this recommendation by either party, that party may bring this argument to the attention of the district judge in the objections permitted to this report and recommendation.

Accordingly, it is respectfully **RECOMMENDED**:

1. Defendant's motion to vacate pursuant to 28 U.S.C. § 2255 (doc. 304), should be **DISMISSED**, as this court lacks jurisdiction to consider a successive motion absent authorization from the Eleventh Circuit.

2. A certificate of appealability should be **DENIED**.

**IN CHAMBERS** at Gainesville, Florida, this 8th day of October, 2013.

*s/ Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

## NOTICE TO THE PARTIES

**Any objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only</u>.  A copy of objections shall be served upon all other parties.  Failure to object may limit the scope of appellate review of factual findings.  *See* 28 U.S.C. § 636; <u>United States v. Roberts</u>, 858 F.2d 698, 701 (11th Cir. 1988).**